## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
## OXFORD DIVISION

**Gail Crowe, as the Administratrix**
**of the Estate of Cletus Rowland, deceased**
**and on behalf of her heirs and beneficiaries**                    **Plaintiff**

**vs.**                                   Civil Action No.  3:17-CV-171-MPM-RP

**GGNSC Ripley, LLC d/b/a Golden Living**
**Center Ripley; GGNSC Administrative**
**Services, LLC; Golden Living; Golden-Living**
**Center; and Golden Living**                              **Defendants**

_____

### NOTICE OF REMOVAL
_____

**PLEASE TAKE NOTICE** that GGNSC Ripley, LLC d/b/a Golden Living Center-Ripley ("Golden Living-Ripley")[1] and GGNSC Administrative Services, LLC ("GGNSC Admin"), defendants herein, by and through counsel, and hereby give notice of the removal of the above-entitled action, which is filed as Case No. CV2017-101 AKH in the Circuit Court of Tippah County, Mississippi, from said Court to the United States District Court for the Northern District of Mississippi, Western Division. This Notice of Removal is filed pursuant to 28 U.S.C. §1332, 28 U.S.C. §1441, and 28 U.S.C. §1446.

### CIVIL ACTION REMOVED

1.      Case No. CV2017-101 AKH in the Circuit Court of Tippah County, Mississippi, which is styled, *Gail Crowe, as the Administratrix of the Estate of Cletus Rowland, deceased and on behalf of her heirs and beneficiaries v. GGNSC Ripley, LLC d/b/a Golden Living Center Ripley; GGNSC Administrative Services, LLC; Golden Living; Golden Living-Center; and*

---

[1] GGNSC Ripley, LLC d/b/a Golden Living Center-Ripley has also been incorrectly named as Golden Living, Golden Living-Center, and Golden Living, in Plaintiff's Complaint. Golden Living, Golden Living-Center, and Golden Living are mere trade names and are not legal business entities.

*Golden Living*, is a civil action that was filed on August 1, 2017. A copy of the Complaint is attached hereto as **Exhibit 1**. The Plaintiff alleges that the Defendants committed medical negligence while providing care to Cletas Rowland while she was a resident at the nursing home, Golden Living Center Ripley.

## DIVERSITY OF CITIZENSHIP

2.      The Plaintiff alleges that she is an adult resident citizen of Ripley, Mississippi.

3.      Defendants Golden Living, Golden Living-Center, and Golden Living are trade names rather than a legal business entities. Thus, they have no legal residence.

4.      The sole member of GGNCS Ripley, LLC is GGNSC Equity Holdings, LLC. *See*, Affidavit of Holly-Rasmussen-Jones attached hereto as **Exhibit 2**. The sole member of GGNSC Equity Holdings, LLC is Golden Gate National Senior Care, LLC. *Id.* The sole member of Golden Gate National Senior Care, LLC is GGNSC Holdings LLC. *Id.* The Sole member of GGNSC Holdings is Drumm Merger Co. Sub, LLC. *Id.* The sole member of Drumm Merger Co. Sub, LLC is Drumm Intermediary Sub Co., LLC. *Id.* The sole member of Drumm Intermediary Sub Co., LLC is Drumm Merger Co. *Id.* Drumm Merger Co. is a Delaware Corporation with its principle place of business in San Francisco, California. *Id.*

5.      Additionally, GGNSC Administrative Services LLC has a single member, GGNSC Holdings, LLC. Exhibit 2. As noted, the sole member of GGNSC Holdings LLC is Drumm Merger Co. Sub, LLC, and the sole member of Drumm Merger Co. Sub, LLC is Drumm Intermediary Sub Co. LLC which is a Delaware Corporation with its principle place of business in San Francisco, California. *Id.*

6.      A limited liability company is a citizen of every state in which one of its members is a citizen. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077 (5th Cir. 2008); *Greenville*

*Imaging, LLC v. Wash. Hosp. Corp.*, 326 Fed. Appx. 797, 798 (5th Cir. Miss. 2009). As set forth above, Defendants are not residents of Mississippi, and Plaintiff is a resident of Mississippi. Moreover, Plaintiff has alleged diversity of citizenship in her Complaint. *Plf's Compl.* 4, ¶10.

7.  Therefore, there is complete diversity of citizenship between the parties as defined by 28 U.S.C. § 1322(a)(1).

## FACTS AND CONTROVERSY SUPPORTING JURISDICTIONAL AMOUNT

8.  Plaintiff's Complaint alleges medical negligence on the part of the Defendants, and seeks compensation for decedent's physical injuries, including cellulitis, broken bone(s), pressure sore(s), infections, and bruising; physician or mental pain and suffering, anguish, loss of enjoyment of life; and any other damages allowed under Mississippi law. Thus, the amount in controversy exceeds $75,000.00, exclusive of costs and interest, and thus meets or exceeds the jurisdictional requirement established by 28 U.S.C. § 1332.

9.  Further, state practice does not permit demand for a specific sum and therefore this case is removable even though the Plaintiff has not pleaded damages in excess of $75,000.00, pursuant to 28 U.S.C. § 1446 (c)(2). *See* MISS. CODE ANN. § 11-1-59 (prohibiting a plaintiff from pleading the amount of damages claimed in medical malpractice actions, except to state that the damages sought exceed the jurisdictional minimum of the court in which the complaint is filed and whether the claim exceeds $10,000.00).

10.  Accordingly, this Court has original jurisdiction over this civil action pursuant to 28 U.S.C. § 1332, in that it is a civil action between citizens of different states, wherein the amount in controversy exceeds the sum of $75,000.00, exclusive of costs and interest. Therefore, this action may be removed to this Court pursuant to 28 U.S.C. § 1441.

## TIMELINESS OF REMOVAL

11.     Upon information and belief Golden Living-Ripley was served with process on or about August 14, 2017. Upon information and belief, GGNSC Admin was served with process on August 18, 2017. Therefore, thirty days had not elapsed since the removing Defendants were served with process or first became aware that federal jurisdiction existed. Therefore, the Defendants' removal was timely as required by 28 U.S.C. § 1446(b).

## COPIES OF STATE COURT PROCEEDINGS

12.     Pursuant to 28 U.S.C. §1446(a), the Defendants attached a true and correct copy of all process, pleadings, and orders served upon these Defendants on file in Case No. CV2017-101 AKH, in the Circuit Court of Tippah County, Mississippi as well as the entire court file as **Exhibit 3** to this Notice of Removal.

## NOTICE TO THE STATE COURT

13.      Defendants will immediately file with the Circuit Court of Tippah County, Mississippi, a true and correct copy of this Notice. Pursuant to 28 U.S.C. § 1446(d), no further proceedings shall be had in the Circuit Court of Tippah County, Mississippi.

## NOTICE TO PLAINTIFF

14.     Pursuant to 28 U.S.C. § 1446(d), and consistent with the Certificate of Service, the Plaintiffs are being provided with a copy of this Notice of Removal.

**WHEREFORE, PREMISES CONSIDERED**, GGNSC Ripley, LLC d/b/a Golden Living Center-Ripley; Golden Living; Golden Living-Center; Golden Living; and GGNSC Administrative Services, LLC, respectfully pray that this Court will receive this Amended Notice of Removal, place it upon the docket of this Court, and that the Circuit Court of Tippah County, Mississippi will proceed no further in this action.

Respectfully submitted, this the 13th day of September, 2017.

                              GGNSC RIPLEY, LLC, and  GGNSC
                              ADMINISTRATIVE SERVICES, LLC

                              HAGWOOD ADELMAN TIPTON PC

                              BY:___/s/  Jacob O. Malatesta_____
                                      MICHAEL E. PHILLIPS (MSB #100119)
                                      JACOB O. MALATESTA (MSB #102987)


OF COUNSEL:

Michael E. Phillips, Esquire
Jacob O. Malatesta, Esquire
Hagwood Adelman Tipton, PC
One LeFleur's Square
4735 Old Canton Road, Suite 108
P. O. Box 14188
Jackson, MS 39236
Telephone: (601) 608-6300
Facsimile:  (601) 362-3642
Email: mphillips@hatlawfirm.com
          jmalatesta@hatlawfirm.com

## CERTIFICATE OF SERVICE

I, Jacob O. Malatesta, the undersigned attorney for Defendants, do hereby certify that this day, I electronically filed the foregoing document with the Clerk of the Court using the ECF system which sent notification of such filing to the following:

Peter Gee, Esquire (*pgee@forthepeople.com*)
Morgan & Morgan – Memphis, LLC
*Attorneys for Plaintiff*

THIS the 13th day of September, 2017.


_/s/ Jacob O. Malatesta_____
JACOB O. MALATESTA